1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*E-FILED - 7/14/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEMONTA RENNA MCBROOM, | No. C 08-5012 RMW (PR) |
| Petitioner, | ORDER DIRECTING PETITIONER TO UPDATE HIS ADDRESS AND RESPOND TO RESPONDENT'S MOTION TO DISMISS OR FACE DISMISSAL FOR FAILURE TO PROSECUTE |
| vs. | |
| ROBERT AYERS, Warden, | |
| Respondent. | |

On November 3, 2008, petitioner, a state prisoner then incarcerated at San Quentin State Prison and proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a 2007 decision by the California Board of Parole Hearings in finding him unsuitable for parole. On December 15, 2008, the court ordered respondent to file an answer showing cause why the petition should not be granted. On February 11, 2009, respondent filed an answer to the petition; on March 16, 2009, petitioner filed a traverse.

On June 23, 2009, respondent moved to dismiss the petition as moot because petitioner was released on parole on May 19, 2009. However, respondent served the motion on petitioner at petitioner's San Quentin State Prison address. Petitioner has neither notified the court of his release nor changed his address. Petitioner has also failed

1    to respond to respondent's motion to dismiss.  Pursuant to the Civil Local Rules of this

2    district, "a party proceeding *pro se* whose address changes while an action is pending

3    must promptly file with the Court and serve upon all opposing parties a Notice of Change

4    of Address specifying the new address."  *See* Civ. L. R. 3-11(a).  Additionally, in its

5    original Order to Show Cause issued in this matter on December 15, 2008, the Court

6    informed petitioner of his continuing obligation to prosecute this action, as follows:

7           It is petitioner's responsibility to prosecute this case. . . .  Petitioner must
            keep the court and all parties informed of any change of address by filing a
8           separate paper captioned "Notice of Change of Address."  Failure to do so
            may result in the dismissal of this action for failure to prosecute pursuant to
9           Federal Rule of Civil Procedure 41(b).

10   (Order, filed Dec. 15, 2008, at 3.)

11          Here, petitioner has not communicated with the court since filing his traverse

12   approximately four months ago, and respondent has apprised the court that petitioner was

13   released on parole in May 2009.  Consequently, it appears that petitioner has not kept the

14   court informed of his current address and that the action is thus subject to dismissal for

15   failure to prosecute.

16          Accordingly, the court hereby orders as follows:

17          Within **twenty (20) days** of the date this order is filed, petitioner shall notify the

18   court and respondent of his current address and whether he intends to respond to

19   respondent's motion to dismiss.  If petitioner fails to do so, this action will be dismissed

20   for failure to prosecute, based on petitioner's failure to keep the court informed of his

21   current address and petitioner's failure to comply with the court's orders.  The clerk shall

22   serve a copy of this order on petitioner at his most recent address of record at San Quentin

23   State Prison.

24          IT IS SO ORDERED.

25   DATED:  ___7/14/09___

                                    *Ronald M. Whyte*
26                                  RONALD M. WHYTE
                                    United States District Judge
27

28

Order Directing Petitioner to Update His Address and Respond to Respondent's Motion to Dismiss or Face
Dismissal for Failure to Prosecute
P:\PRO-SE\SJ.Rmw\HC.08\McBroom012address.wpd    2