1

2

3

4

5                                                              *E-FILED - 9/8/09*

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   LEMONTA RENNA MCBROOM,           )        No. C 08-5012 RMW (PR)
                                      )
12                Petitioner,         )        ORDER OF DISMISSAL
                                      )
13      vs.                           )
                                      )
14                                    )
     ROBERT AYERS, Warden,            )
15                                    )
                  Respondent.         )
16   _____)

17         Petitioner, a state prisoner proceeding pro se, file a petition for a writ of habeas corpus

18   pursuant to 28 U.S.C. § 2254 challenging a 2007 decision by the California Board of Parole

19   Hearings ("Board") in finding him unsuitable for parole.  After full briefing on the matter, on

20   June 23, 2009, respondent moved to dismiss the petition as moot because petitioner was released

21   on parole.  On July 14, 2009, the court ordered petitioner to update his address within 20 days of

22   the date of the order or face dismissal.  To date, petitioner has not communicated with the court,

23   nor filed an opposition to respondent's motion to dismiss.  The court DISMISSES this action.

24                                  **DISCUSSION**

25   A.    Mootness

26         Where a prisoner seeks release on parole and does not challenge the validity of his

27   conviction, his habeas petition becomes moot once he is released on parole.  See Fendler v.

28

Order of Dismissal
P:\PRO-SE\SJ.Rmw\HC.08\McBroom012dis.wpd

1  United States Bureau of Prisons, 846 F.2d 550, 555 (9th Cir. 1988); see also Reimers v. Oregon,

2  863 F.2d 630, 632 (9th Cir. 1988) (a moot action is one in which the parties lack a legally

3  cognizable interest in the outcome).  The possibility of parole revocation does not present a

4  situation which is "capable of repetition, yet evading review" to which the doctrine of mootness

5  may not apply.  Id.  (citation and quotations omitted).

6       Here, petitioner claimed that the Board's 2007 finding of parole unsuitability was

7  unlawful.  Because petitioner has now been released on parole and does not challenge his

8  conviction, he lacks a cognizable interest in the outcome of this action.  See Fendler, 846 F.2d at

9  555.  Accordingly, respondent's motion to dismiss is GRANTED.

10 B.     Failure to Prosecute

11      Petitioner has failed to respond to the court's July 14, 2009 order reminding him of his

12 continuing obligation to update his current address and directing him to do so or face dismissal.

13 Respondent has informed the court that petitioner was released on parole on May 19, 2009.

14 Petitioner has not communicated with the court since filing his traverse on March 16, 2009.

15 Accordingly, the court dismisses petitioner's complaint for failure to prosecute.  See Fed. R. Civ.

16 P. 41(b).

17                      **CONCLUSION**

18      Accordingly, the court DISMISSES this action as moot and for failure to prosecute.  The

19 clerk shall enter judgment in favor of respondent, terminate all pending motions, and close the

20 file.

21      IT IS SO ORDERED.

22 DATED: __9/4/09_____

   *Ronald M. Whyte*
23 RONALD M. WHYTE
   United States District Judge

24

25

26

27

28

Order of Dismissal
P:\PRO-SE\SJ.Rmw\HC.08\McBroom012dis.wpd      2